UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Linord Augustin
(A-Number: A-234-448-544),

Petitioner,

v.

Warden of the California City Detention Facility, et al.,

Respondents.

No. 1:26-cv-07961-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Linord Augustin is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. The court has previously addressed the legal issues raised by the petition—that when a noncitizen has been paroled into the United States and is subsequently re-detained, due process requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community. *See, e.g.*, *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025).

Respondent asserts that detention is mandatory under 8 U.S.C. § 1225(b)(2) because petitioner was paroled into the United States. Doc. 11 at 1. But immigration authorities previously released petitioner and the petition challenges his re-detention. Respondent acknowledges that this case "is in the category of immigration habeas cases for which the Court has typically ordered immediate release on due process grounds." Doc. 11 at 2. Respondent does

not request that the court order an alternative remedy, such as a bond hearing, and does not raise any new argument. *See id.*

For the reasons addressed in *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), the court finds that petitioner's re-detention without a bond hearing violates due process.

In this case, that bond hearing should have been provided before petitioner was detained. "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant [protected] interest.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971)); *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("Applying [the *Mathews*] test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty . . . ."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Respondents do not establish any urgent circumstances in this case.

The petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Linord Augustin (A-Number: A-234-448-544) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: November 15, 2026

UNITED STATES DISTRICT JUDGE